IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


HERMAN BROWN,

        Petitioner,

    v.         CASE NO. 08-3179-RDR

UNITED STATES OF AMERICA,

        Respondent.


HERMAN BROWN,

        Petitioner,

    v.         CASE NO. 08-3216-RDR

COMMANDANT, UNITED STATES
DISCIPLINARY BARRACKS,

        Respondent.



**MEMORANDUM AND ORDER**

   Petitioner proceeds pro se in this consolidated habeas corpus action under 28 U.S.C. § 2241, filed while petitioner was incarcerated in the United States Disciplinary Barracks in Fort Leavenworth, Kansas.[1]  Having reviewed the record, the court denies the petition.

I. BACKGROUND

   Contrary to his pleas in a general court-martial composed of a single military judge, petitioner was convicted on charges of rape, indecent acts, providing alcohol to a minor, and three specifications of making false official statements.  The convening authority approved the sentence imposed, which included eighteen years of confinement.

   Petitioner appealed to the Navy-Marine Court of Criminal

---

[1]Petitioner was subsequently released in 2010.

Appeals (NMCCA) claiming: (1) the evidence was factually and legally insufficient to sustain his convictions for rape and false official statement; (2) he was improperly placed in pretrial confinement; (3) he was denied his right to speedy review by the NMCCA; (4) the sentence imposed was inappropriately severe; and (5) he was improperly transferred to a different pretrial confinement facility, and was subjected to cruel and unusual punishment during his pre-trial and post-trial confinement. The NMCCA affirmed petitioner's convictions and sentence, but granted confinement credit related to petitioner's claims of pretrial confinement and post-trial delay.[2] *United States v. Brown*, No. 200200095 (N.M.Ct.Crim.App. June 12, 2006)(unpublished).

Petitioner sought review by the Court of Appeals for the Armed Forces (CAAF) on three assignments of error, claiming the NMCCA erred in finding: (1) factually sufficient evidence was presented at trial to support petitioner's rape conviction; (2) no substantial prejudice resulted from post-trial delay in appellate review; and (3) petitioner's post-trial conditions were not cruel and unusual punishment. The CAAF granted review on the single issue of post-trial delay, and affirmed the NMCCA's decision. *United States v. Brown*, No. 06-0869 (C.A.A.F. January 24, 2007)(unpublished).

II. PETITIONER'S ISSUES

Petitioner itemizes four grounds in this action. The first three concern the sufficiency of the evidence supporting his rape

---

[2]The NMCCA agreed that petitioner's pretrial confinement was unlawful and awarded him 210 days of additional confinement credit. The NMCCA also found no due process violation because of post-trial delay in petitioner's appeal, but reduced petitioner's confinement by one year pursuant to Article 66, Uniform Code of Military Justice.

conviction.  Petitioner first claims the NMCCA abused its discretion in finding the evidence factually sufficient, and erred in finding the facts legally sufficient to support petitioner's rape conviction. He next claims the NMCCA erroneously addressed a critical insufficiency in the evidence by citing case authority not raised by the parties during trial or on appeal.  Third, petitioner claims the NMCCA violated his statutory and constitutional rights by failing to conduct a proper Article 66 review of his court-martial.

As a fourth ground,[3] petitioner claims the NMCCA's grant of 210 days of pretrial confinement credit should be corrected to grant petitioner an additional twenty days of pretrial credit.

III.   HABEAS STANDARD OF REVIEW

Habeas corpus relief can be granted under § 2241 to a federal prisoner who demonstrates he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c).  Federal civil courts, however, have limited authority to review court-martial proceedings for such error.  *Burns v. Wilson*, 346 U.S. 137, 139-42 (1953).  Such review is initially limited to determining whether the claims raised by the petitioner were given full and fair consideration by the military courts.  *Lips v. Commandant, United States Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir.1993), *cert. denied*, 510 U.S. 1091 (1994).  If the military courts have fully and fairly reviewed the military prisoner's claims,

---

[3]Petitioner initiated Case No. 08-3179 with a petition that included only his first three claims.  The court reviewed the pleading and directed petitioner to submit an amended petition that contained a signature.  The amended petition submitted to the court was opened as Case No. 08-3216.  This latter petition included petitioner's original three claims, and a fourth claim regarding the NMCCA award of confinement credit.  The court consolidated the two petitions.

the federal civil courts cannot reach the merits and should deny the petition.  *See Roberts v. Callahan* 321 F.3d 994, 995-96 (10th Cir.)(*citing Lips*), *cert. denied*, 540 U.S. 973 (2003).

In determining whether a federal court can review a claim, four factors are considered:

> "1.  The  asserted  error  must  be  of  substantial constitutional dimension...  2. The issue must be one of law rather than of disputed fact already determined by the military tribunals....  3. Military considerations may  warrant  different  treatment  of  constitutional claims.....  4. The military courts must give adequate consideration to the issues involved and apply proper legal standards."

*Id*. at 996.  These factors "merely aid[] our determination of whether the federal court may reach the merits of the case," and do not "constitute a separate hurdle" to federal-court review.  *Id*. at 997.

An issue may be deemed to have been given "full and fair consideration" when it has been briefed and argued, even if the military court summarily disposes of the matter.  *Id*. at 997; *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir.), *cert. denied*, 476 U.S. 1184 (1986).  The fact that the military court did not specifically address the issue in a written opinion is not controlling.  *Lips*, 997 F.2d at 812, n. 2.  Instead, "when an issue is briefed and argued" before a military court, the Tenth Circuit has "held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not find the issue meritorious or requiring discussion." *Id*., citing *Watson*, 782 F.2d at 145.  The burden is on the petitioner to show that the military review was "legally inadequate" to resolve his claims.  *Watson*, 782 F.2d at 144(*citing Burns*, 346 U.S. at 146). Without such a showing, the federal court cannot reach the merits.

*Id*.  Petitioner's request for de novo federal habeas review of this claim is rejected.  A district court may not review challenges to military courts-martial de novo unless the military courts have "manifestly refused to consider those claims".  *Burns*, 346 U.S. at 142.

IV.  ANALYSIS

A. *Sufficiency of the Evidence*

Petitioner challenges the military courts' finding that sufficient evidence supported the court-martial judge's finding that petitioner raped a fifteen year old girl (TP) while petitioner and two other Marines (Cpl Malone and Sgt Johnson) entertained TP and another fifteen year old girl in a hotel room.

The NMCCA found lay and medical testimony clearly established that there had been sexual intercourse with TP who was intoxicated beyond the capacity to consent.  *Brown*, 2006 WL 1662963 at *2.  As to petitioner's participation, it cited eyewitness testimony of Cpl Malone and Sgt. Johnson as "establish[ing] that [petitioner] was on top of TP, when both were nude form the waist down, and [petitioner] was moving his hips consistent with an act of sexual intercourse;" Cpl Malone's testimony that he observed petitioner penetrate TP; and TP's medical exam as documenting "significant physical injuries to her hymen and vaginal area."  *Id*.  The NMCCA then stated "[t]his testimony, in the light most favorable to the Government, provided legally sufficient evidence to establish the elements of the offense."  *Id*.

Further addressing petitioner's arguments at trial and on appeal regarding DNA evidence as exonerating him and instead implicating Cpl Malone, the NMCCA found the "DNA evidence, submitted

in the form of a stipulation of fact with the corresponding lab reports" was "largely inconclusive" and "[could] not carry the day for either side" in this case. *Id.* at *3. That court also noted that "[p]enetration can be achieved without necessarily leaving a DNA fingerprint behind." *Id.* (*citing generally United States v. Goode*, 54 M.J. 836, 845 (N.M.Ct.Crim.App.1991)).

Admitting the case was "close" on the element of TP being penetrated by petitioner, the NMCCA found the case turned on the credibility of the witnesses observed by the military judge during trial. *Id.* And in discussing another issue on appeal, the NMCCA further noted that the "DNA evidence submitted at trial strongly suggest that one of the co-actors could have also been involved. However, that fact alone does not in any way excuse or mitigate [petitioner's] conduct in this case." *Id.* at 7. The NMCCA then concluded that "[a]fter carefully reviewing all the foregoing testimony and evidence... we are convinced beyond a reasonable doubt that [petitioner] is guilty of rape." *Id.*

In his appeal to the CAAF, petitioner fully briefed his challenge to the NMCCA's finding that there was factually sufficient evidence presented at trial to support his rape conviction, and his claim that the NMCCA erred in citing and relying on *Goode* to address the lack of DNA evidence directly implicating petitioner in the rape of TP. The CAAF denied further review of all claims concerning the NMCCA's finding that sufficient evidence supported the rape conviction.

The Supreme Court has set the constitutional standard for assessing the legal sufficiency of the evidence as "whether, after reviewing the evidence in the light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Military courts of review are also afforded unique factfinding power to assess the factual sufficiency of the evidence,[4] and thereby must also determine "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, the members of the Court are themselves convinced of the accused's guilty beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987).

Petitioner now presses his argument that the DNA evidence, which failed to physically connect petitioner to TP and instead established Cpl Malone's sexual activity with the victim, significantly undermines the NMCCA's finding that the evidence was factually and legally sufficient to support finding petitioner guilty of raping TP. This court, however, does not re-weigh evidence or reassess findings of witness credibility. When a military court decision has dealt fully and fairly with an allegation raised in a federal habeas petition, it is not open to the federal court "to re-examine and reweigh each item of evidence of the occurrence of events which tend to prove or disprove one of the allegations in the

---

[4]*See* Article 66(c), 10 U.S.C. § 866(c), which reads: "[T]he Court of Criminal Appeals may act only with respect to the findings and sentence as approved by the convening authority. It may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved. In considering the record, it may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses."

[petition]."⁵ *Burns*, 346 U.S. at 144.

The court finds the NMCCA fully and fairly reviewed petitioner's challenge to the sufficiency of the evidence supporting his rape conviction, and applied appropriate legal standards. Further examination by this court is not warranted.

B. Confinement Credit

The NMCCA considered petitioner's claim that he was entitled to two for one days of credit for his pretrial confinement, and found the military judge's denial of credit was an abuse of discretion. *Id*. at 4-5. Stating "[i]t is undisputed that [petitioner] spent 210 days in pretrial confinement," it granted petitioner one for one credit for 210 days of credit toward his sentence. *Id*.

Petitioner now claims his pretrial confinement was 230 days instead of 210, and seeks adjustment by this court of his military sentence. As respondents point out, however, petitioner failed to include this claim in his direct appeal to the CAAF. Petitioner cited 230 days of pretrial credit in his argument to the NMCCA that he should be granted two for one days of credit, but raised no claim

--------

⁵Also, the Supreme Court has emphasized the "sharply limited nature of constitutional sufficiency review" by the federal courts in habeas corpus, stating that:

"all of the evidence is to be considered in the light most favorable to the prosecution; that the prosecution need not affirmatively rule out every hypothesis except that of guilt; and that a reviewing court faced with a record of historical facts that supports conflicting inferences must presume-even if it does not affirmatively appear in the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

*Wright v. West*, 505 U.S. 277, 296-97 (1992)(citations and quotation marks omitted).

to the CAAF seeking additional or corrected credit for his pretrial confinement.

If a ground for relief was not raised in the military courts, the district court must deem that ground waived. *See Watson*, 782 F.2d at 143. The only exception to the waiver rule is through a showing of cause excusing the procedural default and actual prejudice resulting from the error. *See Lips*, 997 F.2d at 812.

Here, petitioner makes no such showing. Accordingly, to the extent this claim was not rendered moot by petitioner's release, the court finds petitioner's waiver in the military courts bars any review by this court.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is denied.

DATED: This 26th day of July 2011, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge